1  Vicki L. St. John (SB #139625)
   245M Mt. Hermon Dr. #349
2  Scotts Valley, CA 95066
3  (831) 206-2650
   (831) 851-3273 (fax)
4  vickisterlingstjohn@hotmail.com
   Attorney for Plaintiff
5

6
                    **UNITED STATES DISTRICT COURT**
7
                **FOR EASTERN DISTRICT OF CALIFORNIA**
8
                        **SACRAMENTO DIVISION**
9

10 KOSAL VONG, an individual            )  Case No.
                                        )
11               Plaintiff,             )   **COMPLAINT FOR:**
                                        )
12       vs.                            )    **Slander of Title;**
                                        )
13 BANK OF AMERICA. N.A., (for itself and )  **Wrongful Foreclosure;**
   as the successor to COUNTRYWIDE HOME )
14 LOANS INC., d/b/a America's Wholesale )
   Lender, Inc., and as successor to BAC Home ) **Violation of CA Civ. Code Sec. 2923.5;**
15 Loans Servicing, LP); and DOES 1     )
   THROUGH 100, INCLUSIVE               )   **Violation of RESPA; and**
16                                       )
                                        )   **Violation of Unfair Business Practices Act**
17                                       )
                                        )   **Unlimited Jurisdiction**
18                                       )
                                        )   **Jury Trial Demanded**
19               Defendants.            )

20

21

22

23
   COMES NOW KOSAL VONG (the "Plaintiff"), complaining of the Defendants as follows:
24
                           **<u>INTRODUCTION</u>**
25

26    1.   This is an action brought by Plaintiff for declaratory judgment, injunctive and equitable

27 relief, and for compensatory, special, general and punitive damages.

28

---

1

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

2.      Plaintiff disputes the title and ownership of Plaintiff's home, the real property in question described in further detail below (the "Subject Property"), which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Deed of Trust related to the Subject Property, and, thus, do not have lawful ownership or a security interest in Plaintiff's Subject Property.

3.      Plaintiff alleges that Defendants cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of Plaintiff 's original Promissory Note and Deed of Trust, resulting in imperfect security interests and claims.

4.      Plaintiffs further allege that Defendants cannot establish possession and proper transfer and/or endorsement of the Promissory Note and proper assignment of the Deed of Trust herein; therefore, none of the Defendants have perfected any claim of title or security interest in the Subject Property.  Defendants do not have the ability to establish that the mortgages that secure the indebtedness, or Note, were legally or properly acquired.

5.      Plaintiff alleges that an actual controversy has arisen and now exists between the Plaintiff and Defendants.  Plaintiff desires a judicial determination and declaration of his rights with regard to the Subject Property and the corresponding Promissory Note and Deed of Trust.

6.      Plaintiff also seeks redress from Defendants identified herein below for damages, for other injunctive relief, and for cancellation of written instruments based upon:

a.   An invalid and unperfected security interest in Plaintiff's Subject Property hereinafter described;

b.   Void "True Sale(s)" violating New York law and express terms of the Pooling and Servicing Agreement ("PSA") governing the securitization of Plaintiff's mortgage,

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

which is a trust agreement required to be filed under penalty of perjury with the United States Securities and Exchange Commission ("SEC") and which is the operative securitization document created by the finance and securitization industry to memorialize securitization transactions (see further discussion of the PSA herein);

c. An incomplete and ineffectual perfection of a security interest in Plaintiff's Subject Property; and

d. A void or voidable Deed of Trust due to improper securitization, for which there is a reasonable apprehension that, if left outstanding, may cause a serious injury to Plaintiff.

## **THE PARTIES**

7.      Plaintiff Kosal Vong is allegedly the Trustor/Borrower on a Promissory Note and Deed of Trust that purportedly put a lien on the real property located at 10931 Tramore Lane, Stockton, CA 95209 (the "Subject Property").

8.      Defendant  BANK OF AMERICA, N.A. is now and at all times relevant to this action, a national banking association, with its main offices in North Carolina, doing business in the county of SAN JOAQUIN, State of California.  BANK OF AMERICA, N.A. is being sued itself and as the successor in interest by merger to COUNTRYWIDE HOME LOANS, N.A., d.b.a. America's Wholesale Lender, and as successor in interest by merger to BAC HOME LOANS SERVICING, LP (the "Defendant"). Countrywide Home Loans, N.A., d/b/a America's Wholesale Lender, was the originating lender on the Subject Property and BAC Home Loans Servicing, LP was the servicer of the Loan on the Subject Property.

9.      Plaintiff does not know the true names, capacities, or basis for liability of

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

Defendants sued herein as Does 1 through 100, inclusive, as the Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Subject Property.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and therefore alleges, that at all relevant times mentioned in this Complaint, that the named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by the Defendants.

### JURISDICTION, VENUE, INTRADISTRICT ASSIGNMENT

10.       Plaintiff is now, and at all times relevant to this action,  a resident of the County of SAN JOAQUIN, State of California.

11. The transactions and events which are the subject matter of this Complaint all occurred within the County of SAN JOAQUIN, State of California.

12. The Subject Property is located within the County of  SAN JOAQUIN, State of California.   At all times relevant to this action, Plaintiff has owned the Subject Property.

13. Plaintiff is a citizen of California.  Defendant BANK OF AMERICA is a citizen of North Carolina.  Plaintiff is informed and believes that this Court also has jurisdiction of this case pursuant to 28 USC 1332(a)(1) because Plaintiff's and Defendant's citizenship is entirely diverse and the amount in controversy herein exceeds $75,000.00.

14. Venue is proper pursuant to 28 USC 1391(a)(2) since the unlawful conduct of Defendant is alleged to have occurred in San Joaquin County, California and the Subject Property is located within San Joaquin County, California. For the foregoing reasons, venue is appropriate in this Court, and this Complaint should be assigned to its Sacramento Division.

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

## **STATEMENT OF THE FACTS**

15. On or about October 19, 2005, Plaintiff and his wife, Navau Sou, signed a negotiable promissory note (the "Note"), in the amount of $364,000.00 in favor of America's Wholesale Lender, which is a trade name for Countrywide Home Loans (and which was acquired by Defendant Bank of America) ("Lender").

16. On the same date, to secure the Note, Plaintiff also executed that certain Deed of Trust (the "Deed of Trust"), which conveyed a security interest in the Subject Property to Lender. The Deed of Trust was recorded as document number 2005-276606 in the Official Records of the Recorder of San Joaquin County, California.

17. The Deed of Trust named ReconTrust Company, N.A. ("ReconTrust") as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary under the Deed of Trust, acting solely as a "nominee" for Lender and Lender's successors and assigns. MERS was not named as the payee of the Note.

18. On or about December 29, 2005 (the "Closing Date"), Plaintiff is informed and believes, and hereby alleges, that Lender sold and transferred its interest in the Plaintiffs' Note to the FANNIE MAE Guaranteed REMIC Pass-Through Certificates, FANNIE MAE REMIC Trust 2005-123 (the "Trust"), which was registered with the Securities and Exchange Commssion ("SEC").  The prospectus for the Trust may be found at remicsupp/2005-123.pdf.

19.     Plaintiff further alleges that no documents or records can be produced that demonstrate that prior to the Closing Date for the Trust, the Note or Deed of Trust was duly endorsed,

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

assigned, transferred and delivered to the Trust, including all intervening transfers or assignments.

20.     Plaintiff further alleges that any documents that purport to transfer any interest in the Note or Deed of Trust to the Trust after the Closing Date are void as a matter of law, pursuant to New York trust law and relevant portions of the PSA.

21.     Plaintiff is further informed and believes, and thereon alleges, that the purported assignments and transfers of Plaintiff's debt or obligation did not comply with New York law, and/or other laws and statutes, and, thus, do not constitute valid and enforceable "True Sales."  Any security interest in the Subject Property was never perfected.  The alleged beneficiary of Plaintiffs' Deed of Trust does not have the requisite title, perfected security interest or standing to proceed; and/or is not the real party in interest with regard to any action taken or to be taken against the Subject Property.

22.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, and any assignment of a Deed of Trust without proper transfer of the obligation that it secures is a legal nullity.

23.     A "True Sale" of the loan would be a circumstance whereby one party owned the Note and then sold it to another party.  An offer would be made, accepted and compensation given to the "seller" in return for the Note.  The Notes would be transferred, and the Deeds of Trust assigned to the buyers of the Note, with an assignment made every step of the way, and, furthermore, each Note would be endorsed to the next party by the previous assignee of record.

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

24.     In order for the Trustee of the Trust to have a valid and enforceable secured claim against Plaintiff's Subject Property, the Trustee must prove and certify to all parties that, among other things required under the PSA:

      a.   There was a complete and unbroken chain of endorsements and transfers of the Note from and to each party to the securitization transaction (which should be from the (A) Mortgage Originator (Lender) to the (B) Sponsor to the (C) Depositor to the (D) Trust, and that all of these endorsements and transfers were completed prior to the Closing Date; and

      b.   The trustee of the Trust had actual physical possession of the Note at that point in time, when all endorsements and assignments had been completed.  Absent such proof, Plaintiff alleges that the Trust cannot demonstrate that it had perfected its security interest in Plaintiff's Subject Property that is the subject of this action.  Therefore, if the Trust did not hold and possess the Note on or before the Closing Date, neither the owners of the Trust or its agents or servicers may assert any secured or unsecured claim in this case.

25.     Plaintiff is informed and believes, and thereon alleges, that pursuant to the terms of the PSA, the Mortgage Originator (i.e., the Lender) agreed to transfer and endorse to the trustee for the Trust, without recourse, including all intervening transfers and assignments, all of its right, title and interest in and to the mortgage loan (Note) of Plaintiff  herein and all other mortgage loans identified in the PSA.

26.     Plaintiff is further informed and believes, and thereon alleges, that the PSA provides that the transfers and assignments are absolute, were made for valuable consideration, to wit, in exchange for the certificates described in the PSA, and were intended by the parties

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

to be a bona fide or "True Sale." Since, as alleged herein, True Sales did not actually occur, Plaintiff alleges that the Defendants and their agents are estopped and precluded from asserting any secured or unsecured claim in this case.

27.    Plaintiff is further informed and believes, and thereon alleges, that as a result of the PSA and other documents signed under oath in relation thereto, the Mortgage Originator (Lender), sponsor and depositor are estopped from claiming any interest in the Note that is allegedly secured by the Deed of Trust on Plaintiff's Subject Property.

28.    Plaintiff is informed and believes, and thereon alleges, that the Note and the other mortgage loans identified in the PSA, were never actually transferred and delivered by the Mortgage Originator (Lender) to the Sponsor or to the Depositor nor from the Depositor to the Trustee for the Trust. Plaintiffs further allege, on information and belief, that the PSA herein provides that the mortgage files of the mortgages were to be delivered to Trust, which mortgage files include the original Deeds of Trust, herein.

29.    Plaintiff therefore alleges, upon information and belief, that none of the parties to the securitization transaction, or the Defendants in this case, hold a perfected and secured claim in the Subject Property; and that the Defendants are estopped and precluded from asserting an unsecured claim against the Subject Property.

30. On January 28, 2009, a Notice of Default ("NOD") was recorded in the Official Records, San Joaquin County, CA as instrument 2009-015634.

31. On May 4, 2009, a Notice of Sale ("NOS") was recorded in the Official Records, San Joaquin County, CA as instrument 2009-066491, but this NOS was rescinded and recorded December 2, 2009 as instrument 2009-172372.

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

32. On or about August 31, 2011, MERS assigned its beneficial interest under the Deed of Trust to Defendant Bank of America, as successor in interest by merger to BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loan Servicing, LP). Through this document, MERS, as "nominee" for the Lender  purported  to convey a beneficial interest in the Deed of Trust to Defendant.

33. On September 19, 2011, ReconTrust recorded a Notice of Default ("NOD") in the Official Records of San Joaquin County, CA as instrument 2011-112329. Also on September 19, 2011, a second assignment was recorded by MERS, purportedly assigning its beneficial interest under the DOT to Defendant Bank of America.

34. On December 27, 2011, a Notice of Sale ("NOS") was recorded by ReconTrust in the Official Records of San Joaquin County, CA as instrument 2011-160722.

35. On or about June 18, 2012, Plaintiff sent a "qualified written request" to Defendant Bank of America pursuant to Section 6 of the Real Estate Settlement Procedures Act (RESPA). Plaintiff raised certain issues regarding the assignments and transfers of his Note and/or Deed of Trust, the chain of title, potential Real Estate Mortgage Investment Conduit (REMIC) violations regarding the Trust and notarized documents signed (or robo-signed) by unauthorized parties or parties with no personal knowledge of Plaintiff's Loan.  Defendant Bank of America's response to Plaintiff's qualified written request attached a copy of the Note and Deed of Trust, Trust in Lending Disclosure Statement and HUD-1 Settlement Statement, but  Defendant failed to address any of Plaintiff's other concerns, including without limitation the chain of transfer, contrary to the requirements of RESPA.

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

# FIRST CAUSE OF ACTION

## Slander of Title

### (Against All Defendants)

1.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

2.  Plaintiff is informed and believes, and on that basis alleges, that at all times relevant hereto, MERS is a private corporate that administers the MERS System, a national electronic registry created in 1993 by several large mortgage industry participants that tracks the transfer of ownership interests and servicing rights in mortgage loans.  MERS was created to be a private database tracking system independent from each county's public recorded document system. Under the MERS System, participating lenders list and record MERS as the grantee of each Deed of Trust in the official records maintained at county register of deeds offices.

3.  MERS is named as the beneficiary under the Deed of Trust and is authorized to act "solely as nominee" for Lender and its successors and assigns.  As such, and for the reasons set forth in herein above, MERS did not have the requisite authority to make a valid assignment of the beneficial interest in the Plaintiff's Deed of Trust to Defendant Bank of America and any subsequent documents relying on such assignment would be invalid.

4.  The recordation of the Assignment of Deed of Trust and the Notices of Default and Sale by Defendants and its agents was therefore knowingly wrongful, without justification, in violation of statute, unprivileged and caused doubt regarding Plaintiff's title to the Subject Property.  The false recordation of the foregoing documents directly impairs the vendibility of Plaintiff's Subject Property on the open market in an amount to be proved at trial.

5.  The recording of the foregoing documents caused Plaintiff to retain attorneys to bring this

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

action to cancel the instruments casting doubt on Plaintiff's title.  Therefore, Plaintiff is entitled to attorneys' fees and costs incurred in cancelling such instruments.  Plaintiff does not know the exact amount of damages at this time, and Plaintiff will move to amend this Complaint to state such amount when it becomes known, or as proven at trial.

## SECOND CAUSE OF ACTION

### Wrongful Foreclosure

### (Against All Defendants)

6.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

7.  As discussed above, the Defendant and its agents have no legal authority to act as the trustee because California's non-judicial foreclosure system allows only the true trustee to convey property via a trustee's deed pursuant to a power of sale clause contained in the Deed of Trust. Any trustee's sale of Plaintiff's Subject Property would be invalid since Defendant and its agents lack the power of sale.

8.  Defendant Bank of America does not have the legal power to complete a foreclosure of the Subject Property, due to the invalidity of the Assignment of the Deed of Trust. Allowing a Trustee's sale of the Subject Property would violate California's non-judicial foreclosure statutory scheme (California Civil Code Sec. 2924 et seq.)  and would cause Plaintiff to wrongfully lose his Subject Property.

   i.  **Defendants Have Not Complied with California Civil Code Section 2932.5**

9.  The Notice of Trustee's Sale last recorded on December 27, 2011 cannot lead to a valid foreclosure because Defendants have failed to comply with California Code Section 2932.5.

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

10. Section 2932.5 provides that where there is an instrument, such as a deed of trust, which is intended to secure the payment of money, the power of sale "is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument.  The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."  Thus, under Section 2932.5, the power of sale can only by exercised by an assignee who has recorded the assignment by which they acceded to the original lender's interest in the property.  Therefore, in order to comply with Section 2932.5 any entity attempting to foreclose on Plaintiff's Subject Property must have been entitled to payment under the Deed of Trust and must have been the recorded beneficiary in the public chain of title prior to the date of the foreclosure sale.  In the instant case, however, Defendant has not complied with Section 2932.5.

11. As discussed above, the Assignment of the Deed of Trust by MERS to Defendant Bank of America failed.  Therefore, Defendant was not the true beneficiary under the Plaintiffs' Deed of Trust as reflected in the public chain of title and thus failed to comply with Section 2932.5.

12. For the reasons stated above, there is a likelihood that Plaintiff will prevail on the merits of his wrongful foreclosure claim.  If Defendants are permitted to rely on the void and wrongful Notice of Trustee's Sale to complete the foreclosure process on the Subject Property by conducting a Trustee's sale and issuing a Trustee's Deed upon Sale, Plaintiff will wrongfully lose his Subject Property.  Such injury is irreparable and cannot be adequately compensated by financial means.  Furthermore, real property is considered unique in California and monetary damages are deemed inadequate to compensate Plaintiff for the loss of his home. *Stockton v. Newman*, 148 Cal. App. 2d 558, 564 (1957).

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

## THIRD CAUSE OF ACTION

### Violation of California Civil Code Section 2923.5

### (Against Defendant Bank of America)

13. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

14. Defendant violated California Civil Code Section 2923.5 by failing to contact Plaintiff, in person or by telephone, at least thirty (30) days prior to causing ReconTrust to record the Notice of Default. The Declaration attached to the NOD stating that someone tried with due diligence to contact the borrower as required under Section 2923.5 is false because although signed under oath, the signer had no personal knowledge of whether Plaintiff was ever contacted, and in fact, Plaintiff was not contacted as required.

15. Defendant's failure to comply with the notice and contact requirements of Section 2923.5 renders the NOD and all subsequent proceedings based on the NOD, including the Notices of Trustee's Sale discussed above, invalid and void.  See *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 236-37 (2010) (Notice of Default which fails to comply with Section 2923.5 is invalid and a non-judicial foreclosure may only proceed if a new, valid Notice is Default is recorded.).

## FOURTH CAUSE OF ACTION

### Violation of Real Estate Settlement Procedures Act, 1 U.S.C. § 2601 et seq.
### (Against Defendant WELLS FARGO)

16. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

17. The loan to Plaintiff was a federally regulated mortgage loan as defined in the Real Estate Settlement Procedures Act ("RESPA").

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

18. Defendant violated RESPA as servicer on Plaintiff's mortgage loan by its failure to meaningfully respond to Plaintiff's qualified written request pursuant to Section 6, 12 USC Section 2605 (e), and by failing to properly administer Plaintiff's mortgage loan account (including but not limited to failing to properly credit payments and charging improper late fees and other charges).

19. As a proximate result of Defendant's actions, Plaintiff has been damaged in an amount not yet ascertained, to be proven at trial.

**FIFTH CAUSE OF ACTION**

**Violations of the Unfair Business Practices Act**

**(California Business and Professions Code Section 17200)**

**(Against All Defendants)**

20. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

21. California Business and Professions Code Section 17200 prohibits unlawful, unfair or fraudulent business practices.  Section 17200 is a derivative cause of action and Plaintiff's ability to pursue this cause of action depends on the success or failure of his substantive causes of action.

22. Defendants engaged in business practices that violate Section 17200 because Defendants: (a) failed to contact the Plaintiff at least thirty (30) days prior to initiating foreclosure proceedings through the Notice of Default in violation of Section 2923.5; (b) filed a Notice of Default supported by declarations that failed to comply with Section 2923.5; and (c) failed to provide properly endorsed, notarized documentation by employees with actual knowledge of Plaintiff's mortgage loan when initiating and proceeding with the non-

14

judicial foreclosure of the Subject Property.

23. Based on the foregoing violations of California law, Defendants violated Business and Professions Code Section 17200. Such violations caused Plaintiff to suffer an injury in fact by placing his interest in the Subject Property in jeopardy by instituting foreclosure proceedings, and by causing monetary damages in an amount to be proved at trial.

24. Pursuant to California Code of Civil Procedure Section 1021.5, Plaintiff is entitled to recover reasonable attorney's fees, costs and expenses incurred in bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KOSAL VONG prays for judgment against Defendants, and each of them, as follows:

1. For a judgment declaring that the Assignment of the Deed of Trust, the Notice of Default and Notices of Trustee's Sale (described above) are invalid and any subsequent proceedings based on these documents are also invalid;

2. For a temporary restraining order, a preliminary injucntion, and a permanent injunction, all enjoining Defendants, and each of them, and their respective agents, servants, and employees, and all persons acting under, in concert with, or for them, from proceeding with a foreclosure sale of Plaintiff's Subject Property; or taking any action to enforce any other remedy purportedly provided to them by the Deed of Trust;

3. For damages in an amount to be determined by proof at trial;

4. For punitive damages as allowed by law in an amount to be determined by proof at trial;

5. For attorney's fees and costs of this action incurred herein; and

6. For such other relief as the Court may deem proper.

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**

**<u>Demand for Jury Trial</u>**

Plaintiff hereby demands a trial by jury of each and every claim so triable.

Dated: November 24, 2012


/s/ Vicki L. St.John
Vicki L. St.John
Attorney for Plaintiff
245M Mt. Hermon Dr. #349
Scotts Valley, CA 95066
(831) 206-2650
(831) 851-3273 (fax)
vickisterlingstjohn@hotmail.com

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT BANK OF AMERICA, N.A.**