VICKI ST. JOHN (State Bar No. 139625)
245M Mt Hermon Dr. #349
Scotts Valley, CA 95066
Telephone: (831) 206-2650
Facsimile: (831)851-3273
vickisterlingstjohn@hotmail.com
Attorney for Plaintiff
Kosal Vong

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA — SACRAMENTO DIVISION

| | |
|---|---|
| KOSAL VONG, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA, N.A. (for itself and as the successor to COUNTRYWIDE HOME LOANS, INC, d/b/a America's Wholesale Lender, Inc., and as successor to BAC Home Loans Servicing, LP); and DOES 1 THROUGH 100 INCLUSIVE,<br><br>    Defendants. | Case No. 2:12-cv-02860-LKK-GGH<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   May 13, 2013<br>Crtrm.:  4<br>Time:   10 a.m.<br>Action Filed:   November 25 , 2012<br>Trial Date:   none set<br><br>Hon. Judge Lawrence K. Karlton |

i

## Table of Contents

Table of Authorities ........................................................................................................... iii

    Cases ................................................................................................................... iii

    Statutes ................................................................................................................ iii

Memorandum of Points and Authorities......................................................................................1

Introduction ..................................................................................................................................1

Factual Background …………………………………………………………………………......1

Law and Argument .......................................................................................................................3

    I. Legal Standard ................................................................................................................3

    II. Contrary to Defendants' Contentions, Plaintiff's Complaint and Causes of Action
    Should Not Be Dismissed……………………………………………………...…..……..3

        A. Plaintiff Has Standing Under California Law Allowing Plaintiff to Challenge
        Defendants'  Power of Sale…………………………………………………………....3

        B. Plaintiff Has Standing Under Federal Law (That is Not Time Barred) and Has
        Stated Sufficient Facts Under TILA and RESPA………………………..……….3

    III. Plaintiff Is Entitled to Declaratory Relief ...................................................................5

    IV. Plaintiff Stated Facts Sufficient to Support a Cause of Action for Unfair and
    Deceptive Business Act Practices………………………………………………….....……7
    V. Plaintiff Has Stated Sufficient Facts to Support a Claim for a Violation of California
    Civil Code Section 2923.5………………………………….……………………………..7

    VII. Conclusion………………………………………………………………………...……8

**Table of Authorities**

**Cases**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .......................................................................................... 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................................... 2

*Ellis v. General Motors Acceptance Corp.,* 160 F.3d 703 (11th Cir., 1999) …………………………4

*Lazar v. Superior Court,* 12 Cal.4th 631, 638 (1996) …………………………………………………7

*Tamburri v. Suntrust Mortgage, Inc*., 2011 WL 6294472 (N.D. Cal. 2011) …....................... …….8

*U.S. v. Robinson*, 4th Cir., 2004………………………………..…………………………………..7

**Statutes**

1 U.S.C. § 2601 et.seq., ……………………………………………………………………..….2, 3

15 U.S.C. § 1601, et.seq.,……………………………………………………………………......3, 4

Cal. Bus. Prof. Code §§ 17200-17594………………………………………………….………….8

Cal. Civ. Code § 1572 ........................................................................................................................ 7

Cal. Civ. Code § 2923.5 ................................................................................................ ……..…7

Cal. Code Civ. Proc. § 337 (1)…………………………………………………………………..….6

Cal. Code Civ. Proc. §§ 1750-1784………………………………………………………………..8

Fed. R. Civ. Proc. 12(b)(6) ....................................................................................................... .3

**Memorandum of Points and Authorities**

**Introduction**

Kosal Vong, an individual (the "Plaintiff"), herein submits his Opposition to NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF KOSAL VONG'S COMPLAINT for failure to state a claim, as filed by BANK OF AMERICA, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP) ("Bank of America") and COUNTRYWIDE HOME LOANS, INC., d/b/a America's Wholesale Lender ("Countrywide") (collectively, "Defendants").

**Factual Background**

On or about October 19, 2005, Plaintiff and his wife, Navau Sou, signed a negotiable promissory note (the "Note"), in the amount of $364,000.00 in favor of America's Wholesale Lender, which is a trade name for Countrywide (and which was acquired by Defendant Bank of America) ("Lender").

On the same date, to secure the Note, Plaintiff also executed that certain Deed of Trust (the "Deed of Trust"), which conveyed a security interest in the Subject Property to Lender. The Deed of Trust was recorded as document number 2005-276606 in the Official Records of the Recorder of San Joaquin County, California.

The Deed of Trust named ReconTrust Company, N.A. ("ReconTrust") as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary under the Deed of Trust, acting solely as a "nominee" for Lender and Lender's successors and assigns.  MERS was not named as the payee of the Note.

On or about December 29, 2005 (the "Closing Date"), Plaintiff is informed and believes, and hereby alleges, that Lender sold and transferred its interest in the Plaintiff's Note to the FANNIE MAE Guaranteed REMIC Pass-Through Certificates, FANNIE MAE REMIC Trust

2005-123 (the "Trust"), which was registered with the Securities and Exchange Commission ("SEC").  The prospectus for the Trust may be found at remicsupp/2005-123.pdf.

Plaintiff further alleges that no documents or records can be produced that demonstrate that prior to the Closing Date for the Trust, the Note or Deed of Trust was duly endorsed, assigned, transferred and delivered to the Trust, including all intervening transfers or assignments.

On January 28, 2009, a Notice of Default ("NOD") was recorded in the Official Records, San Joaquin County, CA as instrument 2009-015634.

On May 4, 2009, a Notice of Sale ("NOS") was recorded in the Official Records, San Joaquin County, CA as instrument 2009-066491, but this NOS was rescinded and recorded December 2, 2009 as instrument 2009-172372.

On or about August 31, 2011, MERS assigned its beneficial interest under the Deed of Trust to Defendant Bank of America, as successor in interest by merger to BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loan Servicing, LP). Through this document, MERS, as "nominee" for the Lender purported to convey a beneficial interest in the Deed of Trust to Defendant.

On September 19, 2011, ReconTrust recorded a Notice of Default ("NOD") in the Official Records of San Joaquin County, CA as instrument 2011-112329. Also on September 19, 2011, a second assignment was recorded by MERS, purportedly assigning its beneficial interest under the DOT to Defendant Bank of America.

On December 27, 2011, a Notice of Sale ("NOS") was recorded by ReconTrust in the Official Records of San Joaquin County, CA as instrument 2011-160722.

On or about June 18, 2012, Plaintiff sent a "qualified written request" to Defendant Bank of America pursuant to Section 6 of the Real Estate Settlement Procedures Act (RESPA).  Plaintiff raised certain issues regarding the assignments and transfers of his Note and/or Deed of Trust, the

chain of title, potential Real Estate Mortgage Investment Conduit (REMIC) violations regarding the Trust and notarized documents signed (or robo-signed) by unauthorized parties or parties with no personal knowledge of Plaintiff's Loan. Defendant Bank of America's response to Plaintiff's qualified written request attached a copy of the Note and Deed of Trust, Truth in Lending Disclosure Statement and HUD-1 Settlement Statement, but Defendant failed to address any of Plaintiff's other concerns, including without limitation the chain of transfer, contrary to the requirements of RESPA.

**Law and Argument**

I.      **Legal Standard**

A Rule 12(b)(6) Motion to Dismiss tests only whether the Plaintiff's Complaint states sufficient facts to state a plausible claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). A complaint that contains sufficient factual allegations "to raise a right to relief above the speculative level" will survive a motion to dismiss. Id. A complaint must state a claim that is facially plausible, requiring facts showing more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a complaint meets this standard, the court is not required to take the plaintiff's legal conclusions as true, but must take the plaintiff's factual allegations as true, and then "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

II.     **Contrary to Defendants' Contentions, Plaintiff's Complaint and Causes of Action Should Not Be Dismissed**

A.      **Plaintiff Has Standing Under California Law Allowing Plaintiff to Challenge**

### Defendants' Power of Sale

Plaintiff asserts that Defendants lack the power of sale under the Deed of Trust at present due to Defendants' failure to properly affect and record the transfers of the Deed of Trust and/or Note and its lack of compliance with the statutes governing non-judicial foreclosures and/or recording of instruments affecting the title of property.

Plaintiff challenges the validity of the purported assignments and transfers of Plaintiff's debt or obligation to the Trust, which did not comply with the Pooling and Servicing Agreement, New York law, and/or other applicable laws and statutes.  The alleged holder of the Note is not the beneficiary of the Deed of Trust.  The alleged beneficiary of Plaintiff's Deed of Trust does not have the requisite title, perfected security interest or standing to proceed; and/or is not the real party in interest with regard to any action taken or to be taken against the Property.  Plaintiff contends that any assignment of a Deed of Trust without proper transfer of the obligation that it secures is a legal nullity.

Plaintiff disputes that the Trust had all required endorsements and assignments required by the Pooling and Servicing Agreement completed as of the closing date of the Trust.  Without proof of a complete and unbroken chain of endorsements and transfers of the Note, the Trustee for the Trust, acting for the owner of the Note, cannot demonstrate that it had perfected its security interest in Plaintiff's Property that is the subject of this action.  Plaintiff further contends that neither the Defendants nor the other parties to the securitization transaction hold a perfected and secured claim in the Property, and that the Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's Property.

At a minimum, Defendants' request to dismiss Plaintiff's Complaint should be denied and Plaintiff should be allowed to conduct discovery regarding the disputed facts related to the Pooling and Servicing Agreement, assignments, Note, Deed of Trust, and the name of the true owner of the Note.

**B. Plaintiff Has Standing Under Federal Law (That is Not Time Barred) and Has Stated Sufficient Facts Under TILA and RESPA**

4   2:12-CV-02860
PLAINTIFF'S OPPOSITION TO DEFENDANTS'MOTION TO DISMISS

Plaintiff has sufficiently pled claims under federal statutes, the Truth in Lending Act, ("TILA"), 15 U.S.C. § 1601, et seq., and the Real Estate Settlement Procedures Act, ("RESPA"), 1 U.S.C. § 2601 et seq., in Plaintiff's Complaint.

Defendants violated TILA by failing to provide Plaintiff with accurate material disclosures required under TILA and not taking into account the intent of the legislature in approving this statute that was to fully inform home buyers of the pros and cons of various mortgage offerings in a language (both written and spoken) that they can understand and comprehend, and to advise them to compare similar loan products with other lenders. It also requires the lender to offer other loan products that might be more advantageous for the borrower under the same qualifying matrix.

Under TILA, any and all statutes of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, et seq. were tolled due to Defendant's failure to effectively provide the required disclosures and notices. Ellis v. General Motors Acceptance Corp., 160 F.3d 703 (11th Cir., 1999) (consumers are not time barred from suing lender for TILA violations when the violations are concealed by misrepresentation that is not "apparent on the face" of the disclosure statement).

Plaintiff's claims must be taken as true for testing a demurrer. Therefore, Defendants' objection to the TILA cause of action must be overruled.

Defendants also violated RESPA by failing the Housing and Urban Development's (HUD's) 1999 Statement of Policy two-part test for determining the legality of lender payments to mortgage brokers for table funded transactions and intermediary transactions under RESPA.

This test requires that total compensation be scrutinized to assure that it is reasonably related to the goods, facilities, or services furnished or performed to determine whether it is legal under RESPA and that the interest and income that Defendants have gained is not disproportionate to the situation. Defendants' failure to disclose that they will gain a financial benefit while Plaintiff suffers financially as a result of the loan product sold to Plaintiff by Defendants amounts to a RESPA violation under this test in that the benefit to Defendants (also while in violation of its own California law and TILA) is unconscionable in the face of the detriment to Plaintiff.

1  Defendants violated RESPA because the payments between the Plaintiff and Defendants were
2  misleading and designed to create a windfall, and not reasonably related to services performed.
3  These actions were deceptive, fraudulent and self-serving.
4      Defendants' violation of the Pooling and Servicing Agreement indicates a breach of
5  RESPA as stated herein due to the unconscionability of the overall transaction.  Further, Plaintiff
6  contends that Defendants violated RESPA in that Defendant Bank of America failed to address the
7  issues raised by the qualified written request sent by Plaintiff to Defendant in June 2012.  Finally,
8  Plaintiff contends that the amount shown to be outstanding on his Loan is inaccurate due to
9  improper fees and charges added by Defendant Bank of America as the mortgage servicer, which
10 has damaged Plaintiff in an amount to be determined at trial after conducting discovery.  Due to
11 the foregoing disputed facts, Defendants' Motion to Dismiss this cause of action should be denied
12 and Plaintiff should be allowed to conduct discovery on the foregoing issues.
13
14      **III.      Plaintiff Is Entitled to Declaratory Relief**
15
16      Plaintiff's allegations under RESPA should entitle Plaintiff to actual and treble damages,
17 additional damages up to $1,000, and costs and attorney's fees. RESPA defines the settlement
18 services it regulates broadly. As such, "table" or "wet" funding mortgage loans in the secondary
19 market is deemed a settlement service and may subject the acquiror to RESPA disclosure
20 requirements. As a result of TILA violations, Defendants were purported participants in the
21 imperfect securitization of the Note and/or the Deed of Trust as more particularly described in the
22 Complaint. Remedies for TILA violations include rescission, damages and equitable relief. Courts
23 may extend the limitations period for monetary damages for reasons of equity, which must
24 typically involve some type of fraudulent concealment on the part of the creditor. See TILA, 15
25 U.S.C. § 1601, et seq., RESPA, 1 U.S.C. §2601 et seq. Therefore, Plaintiff should be entitled to
26 declaratory relief as an actual and equitable damage under both statutes.
27
28

### IV. Plaintiffs State Facts Sufficient to Support a Cause of Action for Unfair and Deceptive Business Act Practices

Defendant also assert that Plaintiffs' cause of action for unfair and deceptive acts and practices ("UDAP"), codified at California Code of Civil Procedure §§ 1750 – 1784 (the Consumer Legal Remedies Act) and the Unfair Business Practices Act, Cal. Bus. & Prof. Code §§ 17200 through 17594, must fail. UDAP is a derivative cause of action and Plaintiffs' ability to pursue this cause of action depends on the success or failure of their substantive causes of action. See Tamburri, 2011 WL 6294472 at *18. However, as discussed above, Plaintiffs have alleged sufficient facts to dispute Defendant's actions as originating lender and mortgage servicer.

Moreover, as discussed herein, Plaintiffs have also alleged sufficient facts to support causes of action for a RESPA, TILA, fraud, and contractual breach of good faith and fair dealing, violations that serve as the necessary underlying unfair business practice for their Section 17200 claim.

Therefore, Defendants' motion should be denied.

### V. Plaintiff Has Stated Sufficient Facts to Support a Claim for a Violation of California Civil Code Section 2923.5

Contrary to Defendants' contention, Plaintiff has stated sufficient facts to support a cause of action for violation of California Civil Code Section 2923.5. Defendants claim that either the borrower was contacted or that due diligence was exercised to contact the borrower. Defendants maintain Plaintiff's allegations are contradicted by the language in the Notice of Default and this is sufficient to bar any challenge by Plaintiff based on Section 2923.5. However, Plaintiff does not argue that the language of the declaration is insufficient to comply with the statute or that personal knowledge is required, but Plaintiff instead asserts that the declaration is false because he was not contacted prior to the recording of the notice of default. Thus, Plaintiff alleges that Defendants have not complied with their statutory requirements under Section 2923.5.

**Conclusion**

Plaintiff respectfully requests that the Court overrule Defendants' Motion to Dismiss Plaintiff's Complaint and further respectfully request that if the Court sustains the Motion to Dismiss, then the Court grant Plaintiff leave to amend the Complaint.

DATED: April 14, 2013

By:     /s/ Vicki L. St. John
          VICKI L. ST. JOHN

Attorney for Plaintiff
KOSAL VONG